UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL MAVASHEV,

                Plaintiff,                MEMORANDUM AND ORDER
                                                          19-CV-01754

  - against -

UNITED STATES ATTORNEY'S OFFICE
FOR THE EASTERN DISTRICT OF NEW
YORK,

                Defendant.
-----------------------------------------------------------x
GLASSER, Senior United States District Judge:

       On March 5, 2019, Plaintiff Michael Mavashev ("Michael" or "Mavashev") brought an action in the Supreme Court of New York, Queens County, against the United States Attorney's Office (the "Government") by filing a complaint and an order to show cause[1] alleging breach of a settlement agreement that resolved forfeiture claims in an unrelated criminal proceeding. (ECF No. 1 at 15). The Government subsequently removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1) and a provision of the settlement agreement, which provided that "[t]he District Court shall retain jurisdiction of this action to enforce this settlement." (*See* Notice of Removal ¶¶ 3-4). Pending now before the Court are the Government's motion to dismiss pursuant to Rules 12(b)(1)

---

[1] Ms. Harris insists that there has been a pending motion for summary judgment in this Court since the Government removed this action on March 27, 2019. As the Court has explained more than once, she is wrong. Even if a motion for summary judgment in state court could be transformed into a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure upon removal, the Order to Show Cause that was filed in state court was not a motion for summary judgment. *See* N.Y. C.P.L.R. 3212 ("A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit."). That rule wasn't even remotely observed.

1

and 12(b)(6) of the Federal Rules of Civil Procedure and Mavashev's motion for summary judgment, which was filed approximately one week after the Government's motion to dismiss became fully briefed, before the Court rendered a decision on that motion, and before any discovery had commenced. (ECF Nos. 18, 27). For the reasons explained below, the Government's motion is **GRANTED** and Mavashev's motion is **DENIED**.

## BACKGROUND

On March 11, 2010 and in the Eastern District of New York, Michael Mavashev's brother, Roman, was found guilty of conspiracy to commit wire and bank fraud in violation of 18 U.S.C. § 1349 and three counts of bank fraud in violation of 18 U.S.C. § 1344.[2] (*See* Notice of Removal, Exhibit B at 1). At Roman's sentencing, the Court issued a Preliminary Order of Forfeiture, which included a money judgment in the amount of $541,780 and required Roman to forfeit his title and interest in certain assets, including a residence that was co-owned by him and Michael. *Id.* The Court also separately required Roman to pay restitution to his victims in the amount of $2,784,753. (ECF No. 10, "Amended Complaint" ¶ 6). Both the forfeiture and restitution orders were included in the Court's Judgment of Conviction and Sentence that was entered on December 28, 2010. (ECF No. 20 at 3). On November 4, 2010, the Government filed a notice of pendency (the "Forfeiture Lien") against the Mavashevs' residence and in July 2011, the Government publicly recorded a separate restitution lien (the "Restitution Lien") against the same property. (*Id.* at 4).

On November 21, 2011, Michael and the Government executed a Stipulation of Settlement and Order (the "Settlement Agreement"), which provides that Michael would pay the Government $112,500 and in exchange the Government would not "pursue its forfeiture claims against

---

[2] *See United States v. Roman Mavashev*, 08-CR-902 (DLI).

2

[Mavashev's residence]." (*See* Notice of Removal, Exhibit B at p. 3). It also provides that "[t]he Mavashev Claimants' payment of one hundred twelve thousand five hundred dollars ($112,500.00) to the United States is in full satisfaction of the United States' claims with respect to [the residence]." (*Id.* at ¶ 5). The parties also agreed that "[t]he District Court shall retain jurisdiction of this action to enforce this settlement." (*Id.* at ¶ 12). Notably, the Settlement Agreement did not mention the Restitution Lien. On December 2, 2011, the Agreement was so ordered by United States District Judge Dora L. Irizarry. (*Id.* at p. 7).

Michael paid $112,500.00 to the Government and on January 25, 2012, the Government released the Forfeiture Lien. (ECF No. 20 at 6). However, because the residence's mortgage was in default, a foreclosure action was brought by Wilmington Savings Fund, FSB.[3] Michael then brought this action alleging that pursuant to the Settlement Agreement, the Government was required to lift the Restitution Lien in addition to the Forfeiture Lien, and that its failure to do so is precluding him from avoiding the foreclosure of the mortgage by a refinancing arrangement. (*See* Amended Complaint; ECF No. 22).

## LEGAL STANDARD

To defeat a Rule 12(b)(1) motion to dismiss, a plaintiff "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In deciding that motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006).

---

[3] *See Wilmington Savings Fund, FSB v. Roman Mavashev, et al.*, No. 13293/2011 (N.Y. Sup. Ct. Queens Cty.).

3

**DISCUSSION**

The Government's primary argument in support of its motion to dismiss is that the Court lacks subject matter jurisdiction. More specifically, because the Government did not waive its sovereign immunity, Mavashev was required to file this action in the Court of Federal Claims in accordance with the Tucker Act, 28 U.S.C. §§1346(a)(2), 1491, which waives sovereign immunity in contract disputes and vests jurisdiction exclusively in that court for actions seeking relief of over $10,000. Mavashev, in response, argues that the Government waived its sovereign immunity and the Court retained subject matter jurisdiction when it so ordered the Settlement Agreement, which provides that the "District Court shall retain jurisdiction to enforce this settlement." (*See* Notice of Removal, Exhibit B at ¶ 12).

In support of his argument, Mavashev cites to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), a case which did not involve the federal government and where the petitioner brought an action in the federal district court alleging breach of an agency agreement. The parties ultimately settled and pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the court signed a stipulation and order of dismissal, which neither reserved jurisdiction to itself nor referred to the settlement agreement. *Id.* at 376-77.

Following a claimed breach of the agreement, the plaintiff filed a motion in that court to enforce it. The court granted that motion notwithstanding the defendant's opposition asserting the court's lack of jurisdiction. That decision was affirmed on appeal, the Ninth Circuit holding that "a district court has jurisdiction to decide the enforcement motion under its inherent supervisory power." *Id.* at 377. That decision was reversed by the Supreme Court, which held that the law does not confer jurisdiction on the court which simply "so orders" a stipulation of settlement without incorporating that stipulation in its order of dismissal. *Id.* at 378. The Court observed that

the proceeding was one to enforce a settlement agreement which was separate from and not a renewal or continuation of the underlying action and thus requires its own basis for jurisdiction. *Id.*

The Court went on to address petitioner's reliance on the doctrine of ancillary jurisdiction and held that a district court may retain ancillary jurisdiction over the enforcement of a settlement agreement only if the terms of the settlement agreement were made part of the order dismissing the action, either by (1) a separate provision "retaining jurisdiction" over the settlement agreement or (2) incorporating the terms of the settlement agreement in the order. *Id.* at 381. In that event, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist . . . ." *Id.* However, "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order" if it is not incorporated in it. *Id.*

In this case, although the Court presiding over Roman Mavashev's criminal case did "so order" the Settlement Agreement and seemingly satisfied the ancillary jurisdiction prerequisites as provided in *Kokkonen*, a definitive resolution of the issue necessitates a reckoning with *Presidential Gardens Associates v. United States ex el. Secretary of Housing & Urban Development*, 175 F.3d 132 (2d Cir. 1999), which was decided by the Second Circuit some five years after *Kokkonen* and which mirrors the case before us precisely.

In *Presidential Gardens*, a settlement agreement was reached in a suit between the plaintiffs and the defendant United States Department of Housing and Urban Development ("HUD") brought in the U.S. District Court in the District of Connecticut. That agreement provided, in relevant part, that "[t]he Connecticut District Court will retain jurisdiction to enforce the terms of this Agreement . . ." and was "so ordered" by the court. *Id.* at 137. Alleging that

5

HUD breached the agreement, the plaintiff commenced an action in the federal court in the District of Massachusetts seeking to enforce it by obtaining a declaratory judgment, a permanent injunction, and money damages. *Id.* at 137-38. Given the retention of jurisdiction by the court in Connecticut, the case was transferred there. HUD, in opposition, asserted that the government did not waive its sovereign immunity and the court therefore lacked jurisdiction to entertain it. *Id.* at 138. The district court agreed, holding that jurisdiction was vested exclusively in the Court of Federal Claims by virtue of the Tucker Act, 28 U.S.C. §§ 1346(a)(2) & 1491. *Id.* The Second Circuit affirmed that decision, holding that "a [retention] of jurisdiction is not alone sufficient . . . there must also be a showing of specific waiver of sovereign immunity." *Id.*

Acknowledging the Supreme Court's decision in *Kokkonen*, the court noted that while ancillary jurisdiction might exist through a retention of jurisdiction clause in a settlement agreement, that has "no impact whatsoever on the issue of sovereign immunity or its waiver" because sovereign immunity was not an issue in *Kokkonen*, where the government was not a party. *Id.* at 140. The federal government's sovereign immunity may only be waived by Congressional enactment and no contracting officer or other official is empowered to consent to a suit against the United States. *Id.* To the extent that the settlement agreement purports to waive sovereign immunity, whoever agreed to that on behalf of the Government was acting beyond the scope of his or her authority. *Id.* Accordingly, the court held that the plaintiffs should have filed the action in the Court of Federal Claims in accordance with the Tucker Act. *Id.* at 141.

Mavashev also relies on the Second Circuit's opinion in *Hendrickson v. United States*, 791 F.3d 354 (2d Cir. 2015), where the court manifested an awareness of the ancillary jurisdictional prerequisites of *Kokkonen* but ignored its previous opinion in *Presidential Gardens* or inadvertently overlooked it. In *Hendrickson*, an action arising out of a car accident was brought

6

against the United States pursuant to the Federal Tort Claims Act. The parties settled the dispute mid-trial and the court ordered the case closed, but it did not approve the settlement agreement until one month later. *Hendrickson v. United States*, No. 82-CV-621T (MAT), 2014 WL 2112575, at *3 (W.D.N.Y. May 20, 2014). Twenty-nine years later, the government allegedly breached the agreement by failing to make the payments required by it. *Id.* The plaintiff moved the court for an order enforcing the agreement, which the court granted. *Id.* Asserting that the government did not waive its sovereign immunity from suit, the government moved the court to reconsider its order of enforcement. *Id.* In denying the motion, the court wrote, that

> Any rule suggesting that the Court is required to find an independent basis of jurisdiction to enforce its own lawfully issued Orders would eviscerate the jurisdiction of the court, and would render meaningless the waiver of immunity created by the Tort Claims Act . . . . The Government waived its sovereign immunity when it permitted tort claims to be brought against it, and that waiver extends to any attempt to enforce an Order of the Court issued pursuant to its lawful subject matter jurisdiction over the parties.

*Id.*

The Court of Appeals reversed. It observed that the court's approval of the settlement agreement occurred after the case was closed and the court's jurisdiction was terminated. *Hendrickson*, 791 F.3d at 356. The *Kokkonen* ancillary jurisdiction requirements were not met because "a judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id.* at 358-59. In accordance with the Tucker Act and 28 U.S.C. § 1631, which provides that "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed," the court remanded the action to the district court to transfer it to the Court of Federal Claims.

Like the plaintiffs' claims in *Presidential Gardens*, Mavashev's declaratory judgment, unjust enrichment, and injunctive relief claims all amount to a claim for breach of contract seeking relief in the form of specific performance, that is, for the Government to release the Restitution Lien in the amount of $2,784,753 from Mavashev's residence. According to the Second Circuit in *Presidential Gardens*, whether the Court retained jurisdiction in its order is irrelevant to the waiver of sovereign immunity, which can only be done by an act of Congress. Accordingly, the Tucker Act is the only waiver of sovereign immunity that is applicable, and it required Mavashev to file his action in the Court of Federal Claims. The Court makes a finding similar to the Second Circuit in *Hendrickson*, that Mavashev filed this action in state court in good faith. For that reason, the Court will transfer this action to the Court of Federal Claims in accordance with 28 U.S.C. § 1631.

## CONCLUSION

Accordingly, because the Court lacks subject matter jurisdiction, the Government's motion to dismiss is **GRANTED** and the Clerk of the Court is directed to transfer this action to the Court of Federal Claims in accordance with 28 U.S.C. § 1631.

SO ORDERED.

Dated: Brooklyn, New York
August 28, 2019

/s_____
I. Leo Glasser                                   U.S.D.J.